## BROWN *v.* MAYOR AND CITY COUNCIL OF FORT VALLEY *et al.*

No. 15160. APRIL 12, 1945.

236

*Louis L. Brown,* for plaintiff.

*S. M. Matthews* and *A. C. Riley,* for defendants.

GRICE, Justice. The plaintiff in error plants his case on the contention that the proposed contract with the power company amounts to a disposition of at least a portion of the electric plant, now and for a number of years owned and operated by the City of Fort Valley, without complying with the provisions of the act approved August 25, 1925 (Ga. L. 1925, p. 177), now codified as sections 91-901 et seq. of the Code. In the act above referred to it is in effect provided that, except as otherwise authorized or forbidden by the charter of a municipality, municipalities are empowered and authorized, if they so desire, to sell, lease, or otherwise dispose of any or all electric, water, gas, or other municipally owned public-utility plants or properties, on such terms and conditions as to the municipality seem proper, and to transfer title to said public-utility properties by warranty deed, bill of sale, contract, or lease, in the manner provided by law; but, as a condition precedent to such sale, lease, or other disposition of such a plant, such proposed sale, lease, or other disposition shall be advertised for three weeks, and, when this is done, such plant may, ten days from the last publication, be disposed of unless objection thereto be registered as pointed out in the act, in which case the sale, lease, or other disposition shall be had if approved by a certain percentage of the voters voting at a special election. There has been no compliance with the aforesaid provision, the city authorities taking the position that the contract between it and the power company is not a sale, lease, or other disposition of the plant or property.

Accompanying the proposed contract, which by its terms is limited to five years, is an ordinance of the Mayor and City Council of Fort Valley granting to the power company the right to use and occupy the streets, alleys, and public places of the city for the erection and maintenance of poles, towers, lines, wires, cables, insulators, transformers, and all appliances **or connections for the** business and purpose of transmitting and distributing electricity,

etc. The contract itself makes no mention of a sale to or lease by the company of the plant or property of the city, nor any part thereof, but provides for the purchase by the city of electrical energy from the company, besides containing several other features which the plaintiff in error insists constitute a disposition of the municipally owned light plant. These, which are referred to in the preceding statement, are as follows: (a) Under the proposed contract the municipality agrees not to exercise its right to manufacture any of its current for resale, with the exception of a small amount therein specified; (b) the municipality agrees not to sell current to users of more than 100 horsepower, except to the present customers using that amount and now served by said municipally owned plant; (c) the city binds itself not to manufacture electrical energy for resale to customers, and is not permitted to use electric service from any other source; (d) the municipally owned plant gives up the right to serve any customer who uses electrical current in quantities of 500 horsepower or more. These provisions may bind the city to limit those to whom it may furnish current, and may place other restrictions upon its use of its own plant; may materially curtail its own operations in so far as the manufacture of electrical energy is concerned, and forbid it from purchasing power from any other source than Georgia Power Company, but none of these things nor all of them combined constitute a disposition of its plant or properties. The non-exercise of the city's right to generate electric current with the exception of the small amount named—the provision on this subject being set forth in full in the statement of facts—relates to a passive attitude on the part of the city, whereas a disposition of a part of its plant would call for affirmative action. An obligation on the part of the municipality not to generate but a certain designated percentage of electrical energy could not in any sense be said to be a disposition of a plant or any part of it. Not only is the contract and franchise to the power company silent as to any suggestion that the city will sell, lease, or otherwise dispose of its plant, but on the contrary it would seem that it was expressly recognized that the city would not dispose of it, for the franchise contains the following: "Provided, however, that while the city of Fort Valley owns and operates its municipal lighting plant or distribution lines, the said Georgia Power Company, its successors and assigns, shall not have

the right to distribute, sell, or furnish electrical current to any person, firm, or corporation within the corporate limits of the City of Fort Valley in less quantities than 100 horsepower for either lighting or power purposes, except by consent of the Mayor and Council of Fort Valley."

The phrase, "otherwise dispose of," may have several meanings; but words, like people, are known by the company they keep. "Otherwise dispose of" is found in the sentence, "sell, lease, or otherwise dispose of any or all electric, water, gas, or other municipally owned public-utility plants or properties," and in immediate connection therewith, "to transfer title to said public-utility properties by warranty deed, bill of sale, contract, or lease." Code, § 91-901. We conclude that the disposition here referred to must be one in the nature of a sale or lease of the plant or some part thereof. The provisions of the Code, § 91-901, have no application to the case shown by the petition as amended and the exhibits. It was proper to sustain the general demurrer and to dismiss the petition.

*Judgment affirmed. All the Justices concur, except Wyatt, J., who dissents.*